UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| Edgewell Personal Care Brands, LLC and International Refills Company Ltd., <br><br> Plaintiffs, <br> v. <br><br> Munchkin, Inc., <br><br> Defendant. | Civil Action No. _____ <br><br> JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiffs Edgewell Personal Care Brands, LLC and International Refills Company Ltd. (collectively, "Plaintiffs") hereby set forth their Complaint against Munchkin, Inc. ("Munchkin"), as follows:

## NATURE OF THE CASE

1. This action is for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq.* Plaintiffs seek monetary damages and injunctive relief in this action.

## THE PARTIES

2. Plaintiff Edgewell Personal Care Brands, LLC ("Edgewell") is a company organized and existing under the laws of the State of Delaware, having a principal place of business at 1350 Timberlake Manor Pkwy, Chesterfield, MO 63017.

3. Edgewell is a wholly-owned subsidiary of Edgewell Personal Care Company, one of the world's largest manufacturers of personal care products in the wet shave, sun and skin care, feminine care and infant care categories. Edgewell, and its affiliates, are also leading manufacturers and marketers of the Diaper Genie® Systems as well as other well-recognized

1

brands such as Playtex® infant care products, Playtex® feminine care products, Wet Ones® pre-moistened wipes, and skincare and suncare products such as Banana Boat® and Hawaiian Tropic® that are sold in this State and elsewhere by Plaintiff Edgewell or its distributors or licensees.

4. Plaintiff International Refills Company Ltd. ("IRC") is a company organized and existing under the laws of Barbados, with its principal place of business at #1 Hythe Gardens, Welches, Christ Church, Barbados, West Indies.

5. Upon information and belief, Munchkin, Inc. ("Munchkin") is a company organized and existing under the laws of the State of Delaware, having a principal place of business at 7835 Gloria Avenue, Van Nuys, CA 91406.

## JURISDICTION AND VENUE

6. This action arises under the patent laws of the United States, Title 35 of the United States Code. Thus, this Court has subject matter jurisdiction over the claims in this action pursuant to 28 U.S.C. §§ 1331, 1332, and 1338(a) and (b).

7. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b), 1400(b) because this is an action for patent infringement; because Munchkin and Plaintiffs Edgewell and IRC are citizens of different states or countries, and the amount in controversy is in excess of $75,000 exclusive of interest and costs; because Munchkin has purposefully directed their activities at residents of this State; and because Munchkin has committed acts of infringement and unfair trade practices in this State.

8. This Court has personal jurisdiction over the Defendant Munchkin under the provisions of the Connecticut Long Arm Statute, Conn. Gen. Stat. §33-929(f), by virtue of the fact that Defendant Munchkin has availed itself of the privilege of conducting and soliciting

substantial business within the State of Connecticut, including engaging in at least a portion of the infringing acts alleged herein thorough the sales and marketing of infringing products in the State. The claims set forth in this action arise out of Defendant's infringing activities in the State, as well as others, such that it would be reasonable for this Court to exercise jurisdiction over the Defendant Munchkin. Accordingly, Munchkin has purposefully directed its activities at, and caused damages to, residents including Plaintiff Edgewell, in this State.

## FACTS AND BACKGROUND

9. Upon information and belief, Munchkin is engaged in the importation into the United States, sale after importation into the United States, and offer for sale in the United States, of certain diaper disposal systems and components thereof, including diaper pail refill cassettes (the Accused Products), including within this State.

10. For example, upon information and belief, certain of the Accused Products are offered for sale in at least the following locations:

- Target, 1191 Boston Post Rd, Milford, CT
- Target, 25 Boston Post Rd, Orange, CT
- Babies 'R Us, 1522-24 Boston Post Road, Milford, CT
- Wal-Mart, 1365 Boston Post Road, Milford, CT
- Target, 475 Hartford Rd., New Britain, CT
- Target, 125 Buckland Hills Dr., Manchester, CT
- Target, 3265 Berlin Turnpike, Newington, CT
- Target, 1075 Kennedy Rd., Windsor, CT
- Wal-Mart, 495 Flatbush Avenue, Hartford, CT
- Wal-Mart, 80 Town Line Rd., Rocky Hill, CT

- Wal-Mart, 420 Buckland Hills Dr., Manchester, CT

- Wal-Mart, 3164 Berlin Tpke., Newington, CT

11.     This case involves diaper disposal systems and the key components that make up those systems.  Edgewell's Diaper Genie® line of diaper disposal systems, which are sold under the Playtex brand, are comprised of two main components: a pail and a refill cassette placed inside the pail.  The system as a whole is called the "Diaper Genie® System." The diaper pail is for collection of soiled diapers that incorporates a sealed lid and a built-in cutter.  The disposal cassette is mounted into the diaper pail and is used to form a wrapper around soiled diapers placed in the pail, locking away germs and odor.   The Diaper Genie® Systems are specifically designed to lock in the smell of dirty diapers, thus reducing odor and creating a sanitary and odor-free household.  An example of a Diaper Genie® System, the Diaper Genie® Complete, is shown below:



12.     As noted above, diapers are not simply placed inside Diaper Genie® pails, but are stored within a bag, or length of film, which is dispensed from a specially designed cassette placed inside of the Diaper Genie® pail, as depicted below:

4



13. Because cassettes are essential to the operation of the Diaper Genie® System, each Diaper Genie® pail is sold with a cassette, similar to the one shown below. The end-user can then buy replacement cassettes as needed when the cassette is used up:





14. Munchkin also manufactures, imports, sells, and offers for sale refill cassettes, under various brand names, which are specifically designed for use with Plaintiff Edgewell's Diaper Genie® System:



## MULTIPLE COUNTS

15. Plaintiffs incorporate the preceding paragraphs by reference as if fully set forth herein.

16. As discussed in further detail below, upon information and belief, Munchkin imports into the United States, and offers for sale and sells within the United States, certain diaper pail refill cassettes that infringe the Asserted Patents.

17. The following table provides a summary of which Accused Products infringe which claims of the Asserted Patents:

6

| Asserted Patent | Asserted Claims | Accused Products[1] |
|---|---|---|
| 8,899,420 | 1-17 | Current Nursery Fresh, Up & Up, and Comforts for Baby Refill Cassettes |
| 8,899,420 | 1-17 | Old Nursery Fresh and Up & Up Refill Cassettes |
| 6,974,029 | 1, 2, 4, 6, 7 | Individually Packaged Current Nursery Fresh, Up & Up, and Comforts for Baby Refill Cassettes |

18. Accordingly, Plaintiffs assert the following claims against Munchkin:

**COUNT ONE**
**(Infringement of the 420 Patent)**

19. U.S. Patent No. 8,899,420 ("the 420 Patent") was duly and lawfully issued by the United States Patent and Trademark Office on December 2, 2014. A true and correct copy of the 420 Patent is attached as Exhibit A.

20. IRC owns the right and title to the 420 Patent.

21. IRC has granted an exclusive license to practice the 420 Patent in the United States to Edgewell.

22. Munchkin directly infringes, either literally and/or under the doctrine of equivalents, at least claims 1-17 of the 420 Patent with respect to their Current Diaper Pail Refills, including those sold under the Nursery Fresh, Up & Up, and Comforts for Baby labels, as well as its Old Diaper Pail Refills, including those sold under the Nursery Fresh and Up & Up labels.

23. Claim charts demonstrating that Munchkin's Current and Old Diaper Pail Refills infringe the 420 Patent are attached as Exhibits B-E.

---

[1] In order to accommodate patented changes that were implemented in the Diaper Genie® products around March 1, 2014, Munchkin implemented corresponding changes in the design of their diaper refill cassettes in order to remain compatible with Edgewell's Diaper Genie® System.  Thus, for each Accused Product, there is both a "current" version, which claims to fit all Diaper Genie Pails, and an "old" version, which fits only Diaper Genie pails purchased prior to March 1, 2014.

7

24.     Plaintiffs have been injured and seek damages to adequately compensate them for Munchkin's infringement of the 420 Patent.  Such damages should include lost profits and be no less than a reasonable royalty under 35 U.S.C. § 284.

25.     Upon information and belief, Munchkin will continue to infringe the 420 Patent unless permanently enjoined by this Court.  Plaintiffs therefore request that this Court enter an order under 35 U.S.C. § 283 permanently enjoining Munchkin from continuing to make, use, sell, offer for sale, and/or import into the United States the products accused of infringing the 420 Patent.

## COUNT TWO
### (Infringement of the 029 Patent)

26.     U.S. Patent No. 6,974,029 ("the 029 Patent") was duly and lawfully issued by the United States Patent and Trademark Office on December 13, 2005.  A true and correct copy of the 029 Patent is attached as Exhibit F.

27.     IRC owns the right and title to the 029 Patent.

28.     IRC has granted an exclusive license to practice the 029 Patent in the United States to Edgewell.

29.     Munchkin directly infringes, either literally and/or under the doctrine of equivalents, at least claims 1, 2, 4, 6, 7 of the 029 Patent with respect to their individually packaged Current Diaper Pail Refills, including those sold under the Nursery Fresh, Up & Up, and Comforts for Baby labels.

30.     Claim charts demonstrating that Munchkin's individually packaged Current Diaper Pail Refills infringe the 029 Patent are attached as Exhibits G-I.

31. Plaintiffs have been injured and seek damages to adequately compensate them for Munchkin's infringement of the 029 Patent. Such damages include lost profits and should be no less than a reasonable royalty under 35 U.S.C. § 284.

32. Upon information and belief, Munchkin will continue to infringe the 029 Patent unless permanently enjoined by this Court. Plaintiffs therefore request that this Court enter an order under 35 U.S.C. § 283 permanently enjoining Munchkin from continuing to make, use, sell, offer for sale, and/or import into the United States the products accused of infringing the 029 Patent.

## DAMAGES

33. For the above-described infringement, Plaintiffs have suffered injury and seek a permanent injunction and damages, in an amount to be proven at trial, to adequately compensate them for Munchkin's infringement of the Asserted Patents. Such damages should include lost profits and be no less than the amount of a reasonable royalty under 35 U.S.C. § 284.

## JURY DEMAND

34. Plaintiffs request a jury trial of all issues triable of right by a jury.

## PRAYER FOR RELIEF

35. WHEREFORE, Plaintiffs respectfully request the following relief:

   a. A judgment in favor of Plaintiffs that Munchkin has infringed the 420 Patent, whether literally or under the doctrine of equivalents, as described herein;

   b. A judgment in favor of Plaintiffs that Munchkin has infringed the 029 Patent, whether literally or under the doctrine of equivalents, as described herein;

   c. A judgment and order requiring Munchkin to pay Plaintiffs' damages, costs, expenses, and pre-judgment and post-judgment interest for Munchkin's

infringement of the 420 Patent as provided under 35 U.S.C. § 284, including supplemental damages for any continuing post-verdict or post-judgment infringement with an accounting as needed;

d. A judgment and order requiring Munchkin to pay Plaintiffs' damages, costs, expenses, and pre-judgment and post-judgment interest for Munchkin's infringement of the 029 Patent as provided under 35 U.S.C. § 284, including supplemental damages for any continuing post-verdict or post-judgment infringement with an accounting as needed;

e. An order under 35 U.S.C. § 283 permanently enjoining Munchkin from continuing to make, use, sell, offer to sell, and/or import into the United States the products accused of infringing the 420 Patent.

f. An order under 35 U.S.C. § 283 permanently enjoining Munchkin from continuing to make, use, sell, offer to sell, and/or import into the United States the products accused of infringing the 029 Patent.

g. An order declaring this to be an exceptional case pursuant to 35 U.S.C. § 285.

h. Such other relief as the Court deems just and proper.

Dated: January 21, 2016                     Respectfully Submitted,

*/s/ Marina Cunningham*
Marina Cunningham (ct 19475)
cunningham@ip-lawyers.com
John C. Linderman (ct04291)
lind@ip-lawyers.com
**MCCORMICK, PAULDING, & HUBER LLP**
185 Asylum Street City Place II,
18th Floor
Hartford, CT 06103
Tel: 860 549-5290
Fax: 860 527-0464

Keith E. Broyles (*pro hac vice* to be submitted)
Tel: 404.881.7558
Fax: 404.253.8895
Keith.broyles@alston.com
Wesley C. Achey (*pro hac vice* to be submitted)
Tel: 404.881.4930
Fax: 404.253.8420
Wes.achey@alston.com
Pamela H. Councill (*pro hac vice* to be submitted)
Tel: 404.881.4498
Fax: 404.253.8698
Pamela.councill@alston.com
Joshua M. Weeks (*pro hac vice* to be submitted)
Tel: 404.881.7405
Fax: 404.253.8450
Josh.weeks@alston.com
**ALSTON & BIRD LLP**
1201 West Peachtree Street NW
Atlanta, GA 30309

Adam D. Swain (*pro hac vice* to be submitted)
Tel: 202.239.3622
Fax: 202.654.4842
Adam.swain@alston.com
**ALSTON & BIRD LLP**
950 F Street NW
Washington, DC 20004

*Counsel for Plaintiffs*
*Edgewell Personal Care Brands, LLC*
*and International Refills Company Ltd.*